**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**In re:**

**EXPRESS SHOP V, INC.,**               Case No: 6:11-bk-15974-KSJ
                                        Chapter 11
        **Debtor.**
_____/

**JOINDER OF RBC BANK (USA) IN VFC PARTNERS 8, LLC'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO COMPEL THE DEBTOR TO FILE A PLAN**

RBC Bank (USA), as successor by merger to Florida Choice Bank ("Lender" or "RBC"), by and through its undersigned counsel, joins in creditor VFC Partners 8, LLC's Motion to Dismiss (Dkt. No. 77) and Supplemental Motion to Dismiss (Dkt. No. 79)(collectively, the "Motion to Dismiss"), or, in the alternative, moves this Court, pursuant to 11 U.S.C. § 1106, to compel the Debtor to file a plan and disclosure statement promptly or otherwise dismiss this case. In support thereof, Lender respectfully states as follows:

**Joinder and Relief Sought**

1.  The Debtor owns certain commercial real property located in Clermont, Florida and currently operating as a convenience store (the "Property").

2.  Lender holds a mortgage on the Property, and an assignment of all rents and profits of the Property.

3.  Lender agrees with the relief sought in the Motion to Dismiss including the relief sought pursuant to 11 U.S.C. § 1112(b) for "cause."

34949 v1

**Alternative Request for Relief**

4.      If the Court is not inclined to grant the Motion to Dismiss at this time, Lender respectfully requests that this Court compel the Debtor to file a plan and disclosure statement promptly.

5.      11 U.S.C. § 1107(a) specifically requires debtors-in-possession to perform certain duties of trustees under 11 U.S.C. § 1106(a), including the duty to, "as soon as practicable, file a plan under section 1121 of this title, . . ."  11 U.S.C. § 1106(a)(5).

6.      Pursuant to this Court's Order Authorizing Debtor-in-Possession to Operate Business (Dkt. No. 10), the Debtor has a maximum of 150 days from the order for relief to file a plan and disclosure statement, which deadline runs on March 19, 2012.

7.      This case was filed on October 21, 2011, and the Debtor has yet to proffer a plan or disclosure statement, or even any proposals for restructuring, in what is a very simple chapter 11 with only two secured creditors and one unsecured creditor.  It has been practicable for this Debtor to file a plan for some time.

8.      Because of the simplicity of this case, this Court should compel the Debtor to file a reasonably confirmable plan and disclosure statement promptly and dismiss this case if such a deadline is not met.

**WHEREFORE**, RBC Bank (USA), as successor by merger to Florida Choice Bank, respectfully joins in the Motion to Dismiss or, in the alternative, requests this Court compel the Debtor to promptly file a reasonably confirmable plan and disclosure statement, and for such other and further relief as is just and proper.

Dated this 13th day of February 2012.

Respectfully submitted,

By: */s/ Michael A. Nardella*
Michael A. Nardella, Esquire
Florida Bar No. 51265
**Burr & Forman, LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Phone:  (407) 540-6600
Fax: (407) 540-6601
E-mail: mnardella@burr.com
**ATTORNEYS FOR
RBC BANK (USA)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system and/or via First Class U.S. Mail on the 13th day of February 2012 to:  Debtor:  Express Shop V, Inc., 7614 Clementine Way, Orlando, FL 32819; Debtor's Counsel:  Thomas C. Little, Esq., Thomas C. Little, P.A., 2123 N.E. Coachman Road, Suite A, Clearwater, FL 33765; the Office of the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, FL 32801; and to all other creditors and parties in interest participating in the CM/ECF system.

 */s/ Michael A. Nardella*
Michael A. Nardella